■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT EDWARD GROFF, Appellant.— GREENBLOTT, J.  Appeal from an order of the County Court of Montgomery County denying appellant's application for a writ of error *coram nobis* without a hearing. Appellant should have been granted a hearing on his allegations that his retained counsel failed to advise him of his right to appeal (*People* v. *Montgomery*, 24 N Y 2d 130; *People* v. *Garrow*, 30 A D 2d 618). Order reversed, on the law, and proceedings remitted to the County Court of Montgomery County for the purpose of holding a hearing limited to the question of whether the appellant's failure to serve and file a timely notice of appeal was attributable to the failure of his retained counsel to advise him of his right to appeal. Reynolds, J. P., Aulisi, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum by Greenblott, J.

■    JAMES WALKER, SR., as Executor of GEORGIA A. CHRISTIE, Deceased, Respondent, v. STATE OF NEW YORK, Appellant.  (Claim No. 46605.) — AULISI, J.  Appeal from a judgment of the Court of Claims entered January 23, 1968. The State appeals only from that portion of the judgment which awarded damages for the appropriation of parcel No. 111, an irregularly shaped parcel, 3.78 acres in area, located near the Sacandaga Reservoir in the Town of Mayfield, Fulton County. A portion of this parcel had been developed for use as a trailer and campsite while the remaining area, adjacent to State Route 30, was wooded and at intervals hilly with steep rocky ledges and inaccessible from the highway. Both appraisers, although disagreeing on the precise extent of development, did value the developed and undeveloped portions separately. Claimant's appraiser employing an income capitalization approach, which was totally rejected by the court, arrived at a value of approximately $8,860 per acre for the campsite property and by relying on a more conventional comparable sales approach assigned a value of $500 per acre for the undeveloped portion which he termed "roadside land". The State's appraiser, on the other hand, testified to a value of $2,000 per acre for the developed land and $800 per acre for the undeveloped land. The court found a single value of $2,500 per acre for each of the 3.78 acres taken and, accordingly, awarded damages in the amount of $9,450. The State is correct in contending that the court erred in failing to separately value the developed and undeveloped portions. The court's uniform treatment of the appropriated parcel disregards not only the obvious physical, topographical features of the two distinct areas but also the testimony of both appraisers who carefully segregated the two areas in appraising the property and assigned markedly different values to each. The only evidence in the record is that the two areas differ in value considerably and they should have been treated accordingly by the court. We note in passing that no finding was made with respect to the extent of the developed area, a disputed item, which must be resolved by the trial court. In view of the acknowledged unsuitability of most of the appraisal evidence presented, a new trial is directed in order to afford the parties an opportunity to present further evidence on the issue of damages. Judgment reversed, on the law and the facts, and a new trial ordered, without costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Cooke, JJ., concur in memorandum by Aulisi, J.